FILED
SUPERIOR COURT
OF GUAM

2023 OCT -5 PM 3: 46

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) |
| | ) **Criminal Case No. CF0031-20** |
| | ) GPD Report Nos.: 20-01212 / 20-01278 |
| Plaintiff, | ) |
| | ) |
| v. | ) **DECISION AND ORDER** |
| | ) **GRANTING** |
| | ) **REVOCATION OF PROBATION** |
| RON CHONIONG JOHN, | ) |
| DOB: 06/10/2003 | ) |
| | ) |
| Defendant. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on September 21, 2023 for a Revocation Hearing in the above-captioned matter related to Ron Choniong John's ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Attorney Terrence Timblin. The People of Guam were represented by Assistant Attorney General Heather Zona. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Granting Revocation of Probation.

## BACKGROUND

On April 13, 2022, Defendant pled guilty to Theft by Receiving Via Complicity (as a 2nd Degree Felony). See Judgment of Conviction (Apr. 26, 2022). A judgment was entered imposing the following relevant conditions of probation:

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

Id.

On February 8, 2023, Defendant pled guilty to Conspiracy to Commit Third Degree Robbery (as a 3rd Degree Felony) in CF0361-20 and Burglary (as a 2nd Degree Felony) in CF0381-19. See CF0361-20 & CF0381-19 Judgment of Conviction (May 16, 2023). Defendant was subsequently sentenced to three (3) years incarceration, with credit for time served. Id.

On July 12, 2023, the People filed their Motion to Revoke Probation and Impose Jail Sentence ("Motion"). The People base their request on Defendant's multiple failures to obey the laws of Guam. See Motion (Jul. 12, 2023). Opposing the Motion, Defendant claims he hasn't violated his probation conditions because these convictions stem from events that occurred before he entered probation. See Opposition (Jul. 17, 2023).

On September 21, 2023, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (Sep. 21, 2023).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there was probable cause to support the violations. Defendant was convicted of multiple felonies while on probation, including Conspiracy to Commit Third Degree Robbery (as a 3rd Degree Felony) and Burglary (as a 2nd Degree Felony). See CF0361-20 & CF0381-19 Judgment of Conviction (May 16, 2023). This directly conflicts with Defendant's probationary conditions that he obey all federal and local laws of Guam. Now incarcerated for the next several years, it is unlikely that Defendant will timely complete his remaining probationary conditions, such as paying off his fine/court costs or completing community service hours.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by violating his probationary conditions. Defendant has shown a continuous and ongoing

disregard towards following his probationary conditions, having been convicted of multiple felonies across multiple criminal cases.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **five (5) years incarceration** at the Department of Corrections, Mangilao with credit for time served. This period of incarceration shall run consecutive to Defendant's incarceration in CF0361-20 and CF0381-19, as well as any other period of incarceration Defendant may serve. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this ___October 5, 20___

_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**